IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| WILLIAM J. PAATALO, Plaintiff, vs. J.P. MORGAN CHASE BANK, N.A., as Successor in interest to Washington Mutual Bank N.A., BANK OF AMERICA, N.A., et al., Defendants. | CV 10-119-BLG-CSO **ORDER SETTING HEARING** |
|---|---|

On its own motion, the Court HEREBY ORDERS that Plaintiff William Paatalo and counsel for Defendant J.P. Morgan Chase Bank, N.A. ("Chase"), shall appear in Courtroom III of the James F. Battin Federal Courthouse, 316 North 26th Street, Billings, Montana, on Wednesday, February 15, 2012, at 2:00 p.m. to participate in a hearing on Plaintiff's Motion to Compel (*Court Doc. 98*). Other parties may, of course, choose to attend.

Having reviewed the motion, the briefs, and the discovery at issue,

the Court makes the following observations to assist the parties in their preparation for the hearing.

The parties' briefs do not adequately inform the Court of the extent to which the supplemental responses resolve the pending motion. Nor do the briefs, or Chase's largely boilerplate objections, adequately address the motion in light of the scope of discovery allowed by Fed. R. Civ. P. 26(b)(1). It appears from the docket that all thirteen counts in Paatalo's Complaint remain pending against Chase except Count X. *See Court Doc. 34 at 2, 46*. Thus, discovery is allowed that is relevant to any of the pending claims.

Paatalo should be prepared to state at the hearing exactly what portions remain unresolved of each discovery request that is at issue in his motion to compel. He should also be prepared to explain specifically how such requests seek information that is relevant to any of the claims stated in his Complaint.

Chase should be prepared to show clearly exactly what responses it has made that satisfy Paatalo's motion to compel and, to the extent that Chase has not responded fully, the specific bases for each objection. Chase should also be prepared to respond to the following questions:

(1) Why Chase "generally objects to each request to the extent that it is [privileged]" *(Court Doc. 105-2 at 3-4)* when Fed. R. Civ. P. 26(b)(5)(A) requires that, when privileged information is withheld "the party must (i) expressly make the claim' and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed....";

(2) Why Chase made general non-specific objections to discovery requests that are not permitted by the rules (*see Fed. R. Civ. P. 33(b)(4), 34(b)(2)(C))* and why Chase did not comply with Fed.R.Civ.P. 36(a)(4) which requires that a party "state in detail why the answering party cannot truthfully admit or deny" requests for admission. *See, e.g., Chase Supplemental Responses to Request for Admission 21, 22, and 35);* and

(3) Why Chase's objections should not be deemed waived where it engaged in the "practice of objecting and then responding," a practice this Court has found to be "confusing and evasive." *See Simonsen v. Allstate Ins. Co.,* 31 Mont. Fed. Rpts. 154, 157 (2003).

DATED this 27th day of January, 2012.

/s/ Carolyn S. Ostby
United States Magistrate Judge