# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

### BILLINGS DIVISION

| | |
|---|---|
| WILLIAM J. PAATALO,<br><br>    Plaintiff,<br><br>vs.<br><br>J.P. MORGAN CHASE BANK, N.A.; BANK OF AMERICA, N.A.; MACKOFF KELLOGG LAW FIRM; LPS FIELD SERVICES, INC.; and LENDER PROCESSING SERVICES, INC.,<br><br>    Defendants. | Cause No. CV 10-119-BLG-CSO<br><br><br>ORDER |

Plaintiff William J. Paatalo ("Paatalo") filed this action following the initiation of allegedly wrongful foreclosure proceedings. This Order addresses the following pending motions:

    (1) Motion for Protective Order of Lender Processing Services, Inc., and LPS Field Services, Inc. (collectively "LPS") (*Court Doc. 150*);

    (2) Motion for Protective Order, filed by Mackoff/Kellogg Law Firm – Charles J. Peterson ("Mackoff") (*Court Doc. 166*);

    (3) Motion to Compel LPS to Answer Discovery, filed by JPMorgan Chase Bank, N.A. ("Chase") (*Court Doc. 173*); and

1

(4) Motion to Compel Mackoff to Answer Discovery, filed by Chase (*Court Doc. 175*).

These motions have been fully briefed. Having considered the parties' arguments, the Court rules as follows.

I.  **Background**

The pertinent background can be briefly summarized as follows. Plaintiff filed this action against Chase, Bank of America, N.A., LPS, and Mackoff. Plaintiff settled with LPS and Mackoff, and those defendants were dismissed with prejudice, without objection from Chase. *See Court Docs. 111, 112, 121, 122, 125, 126*.

After LPS and Mackoff had settled with Plaintiff, Chase served discovery requests on them. *Court Docs. 150-1, 181-1*. They object that they are no longer parties and thus cannot be compelled to respond to discovery requests as if they were still parties. Chase contends that they must answer discovery requests because the Court granted its motion to assert affirmative defenses pursuant to state law, M.C.A. § 27-1-703 (6). *See Court Doc. 145*.

II.  **Analysis**

The parties' briefs focus on two issues: (1) whether the federal

rules of civil procedure require LPS and Mackoff to respond to the discovery propounded by Chase; and (2) whether the assertion by Chase of defenses with respect to settled parties permits discovery on those parties, who have been dismissed from the lawsuit. The Court finds the first issue dispositive.

Federal Rules of Civil Procedure permit parties to serve interrogatories, requests for production, and requests for admission on "any other party." Fed.R.Civ.P. 33(a)(1), 34(a), 36(a)(1). *See also U.S. v. Lot 41, Berryhill Farm Estates,* 128 F.3d 1386, 1397 (10th Cir. 1997). Once an entity has been dismissed with prejudice, it is no longer a party to the action. LPS's brief cites *Commercial Space Management Co. v. Boeing Co.*, 44 Fed. R. Serv. 3d 1087, 1079 (9th Cir. 1999), which held that a dismissal under Rule 41 "terminates the action as to the defendants who are the subject" of the dismissal. *See also Duke Energy Trading and Marketing, L.L.C. v. Davis,* 267 F.3d 1042, 1049 (9th Cir. 2001) ("Once the notice of dismissal has been filed, the district court loses jurisdiction over the dismissed claims and may not address the merits of such claims or issue further orders pertaining to them").

Chase cites no authority holding that dismissed parties still qualify as "any other party" under the federal rules of procedure. Because the Court finds that LPS and Mackoff are no longer parties to this action, Chase may not compel them to respond to interrogatories or requests for production or admission.

Chase's reliance on the effect of M.C.A. § 27-1-703 is misplaced. While state law may control available remedies, it does not control federal jurisdiction or the procedural rules this Court is bound to follow. *See Hanna v. Plumer*, 380 U.S. 460, 465, 471 (1965) (affirming that the federal rules of procedures govern all actions, including diversity actions) (cited with approval in *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 27 (1988)).

### III. Claims for Fees and Costs

LPS requests award of fees and costs. *Court Doc. 184 at 5.* Fed.R.Civ.P. 37(a)(5) provides that "the court must, after giving an opportunity to be heard" award reasonable expenses to a prevailing party in a discovery motion. The court must not order this payment if the opposing party's position was "substantially justified" or "other

4

circumstances make an award of expenses unjust."

Pursuant to Rule 37, the Court will require LPS and Mackoff to file a notice of their reasonable expenses incurred in connection with these motions. If Chase wishes to contest either the award of expenses or the amount thereof, it must request a hearing as set forth below.

## IV. <u>Conclusion</u>

Accordingly, IT IS HEREBY ORDERED that:

(1) The pending motions for protective order filed by LPS and Mackoff/Kellogg (*Court Docs. 150, 166)*) are GRANTED. The pending motions to compel filed by Chase (*Court Docs. 173, 175)* are DENIED.

(2) On or before June 8, 2012, LPS and Mackoff/Kellogg must file their claims for fees and costs reasonably incurred in connection with these discovery motions.

(3) On or before June 22, 2012, Chase must pay said fees and costs or, in the alternative, file a motion requesting a hearing thereon.

DATED this 25th day of May, 2012.

<u>/s/ Carolyn S. Ostby</u>
United States Magistrate Judge